1 | Mark D. Chester (011423)
Ryan A. Houser (024891)
2 | CHESTER & SHEIN, P.C.
8777 No. Gainey Center Dr. #191
3 | Scottsdale, Arizona 85258
Telephone: (480) 922-3933
4 | Facsimile: (480) 922-3969
mchester@cslawyers.com
5 | rhouser@cslawyers.com

6 | Corey M. Eschweiler, Esq., *Pro Hac Vice pending*
Nevada Bar No. 6635
7 | Adam D. Smith, Esq., *Pro Hac Vice pending*
Nevada Bar No. 9690
8 | GLEN J. LERNER & ASSOCIATES
4795 South Durango Drive
9 | Las Vegas, Nevada 89147
Telephone:  (702) 877-1500
10 | Facsimile:  (702) 932-7043
ceschweiler@glenlerner.com
11 | asmith@glenlerner.com

12 | *Attorneys for Plaintiff*

13 | **UNITED STATES DISTRICT COURT**

14 | **DISTRICT OF ARIZONA**

15 | STONE CREEK, INC., an Arizona corporation, )
16 |           Plaintiff, )   CASE NO.
      vs. )
17 |      ) **VERIFIED COMPLAINT**
18 | OMNIA ITALIAN DESIGN, INC., a California )
corporation; and THE BON-TON STORES, )
INC., a Pennsylvania corporation, ) **JURY TRIAL DEMANDED**
19 |      )
20 |           Defendants. )

21 |     Plaintiff STONE CREEK, INC. ("Plaintiff") alleges as follows:

22 |                           **JURISDICTION**

23 |     1.    The Court has jurisdiction over this action pursuant to 15 U.S.C. §1121 and 28

24 | U.S.C. §1338(a) because it arises under the Trademark Laws of the United States, 15 U.S.C.

25 | §1051 et seq.  This action also asserts claims under the statutory and common law of the

26 | State of Arizona, which claims are so related to the federal question and trademark claims

27 | they form part of the same case and controversy, and hence fall within the scope of the

28 | Court's supplemental jurisdiction under 28 U.S.C. §§1338(b) and 1367.

2.     This action arises out of wrongful acts by Defendants OMNIA ITALIAN DESIGN, INC. ("Omnia") and THE BON-TON STORES, INC. ("Bon-Ton," and, together with Omnia, the "Defendants") throughout the United States and specifically within this judicial district, including, without limitation, purchasing, offering for sale, selling, and distributing products.  Venue is proper in this district pursuant to 28 U.S.C. §1391 because a substantial part of the events giving rise to Plaintiff's claims occurred in this district.

## THE PARTIES

3.     Plaintiff is a corporation duly organized and existing under the laws of the State of Arizona.  Plaintiff designs, develops, markets, and sells furniture and related kitchen and bath improvements throughout the United States and world-wide, with showrooms in Phoenix, Chandler, and Glendale, Arizona.

4.     Upon information and belief, Omnia is a corporation existing under the laws of the State of California.  Omnia is a manufacturer and distributor of leather furniture, marketing its products in the United States and throughout the world, with showrooms in California, Texas, North Carolina, and Nevada.  Omnia regularly conducts business in Arizona through its related company ARIZONA LEATHER COMPANY, INC., a California corporation, with locations in Scottsdale and Tempe, Arizona, as well as locations in the States of California and Georgia.  Omnia also conducts business throughout the United States and world-wide, and has systematic and continuous contacts with the State of Arizona, including, without limitation, the events giving rise to Plaintiff's claims.

5.     Specifically, Omnia, knowing Plaintiff was an Arizona company with its principal place of business in Arizona, contracted with Plaintiff to manufacture and distribute Plaintiff's furniture, infringed Plaintiff's federally registered trademarks, stole Plaintiff's furniture designs, specifications, and marketing materials, and misappropriated Plaintiff's trade secrets, among other intentional actions.  Omnia knew its actions would adversely impact Plaintiff in the State of Arizona, Omnia expressly aimed its conduct at Plaintiff in the State of Arizona, and Plaintiff's harm was felt in the State of Arizona.

6.      Upon information and belief, Bon-Ton is a corporation existing under the laws of the State of Pennsylvania.   Bon-Ton operates 271 department stores, including 11 furniture galleries, in 24 states in the Northeast, Midwest, upper Great Plains, and Northwest under the Bon-Ton, Bergner's, Boston Store, Carson's, Elder-Beerman, Herberger's, and Younkers nameplates.   Bon-Ton regularly conducts business within the State of Arizona, throughout the United States, and world-wide, and has systematic and continuous contacts with the State of Arizona, including, without limitation, the events giving rise to Plaintiff's claims.

7.      Specifically, Bon-Ton, knowing Plaintiff was an Arizona company with its principal place of business in Arizona, infringed Plaintiff's federally registered trademarks, stole Plaintiff's furniture designs, specifications, and marketing materials, and misappropriated Plaintiff's trade secrets, among other intentional actions.   Bon-Ton knew its actions would adversely impact Plaintiff in the State of Arizona, Bon-Ton expressly aimed its conduct at Plaintiff in the State of Arizona, and Plaintiff's harm was felt in the State of Arizona.

## GENERAL ALLEGATIONS

**A.      Plaintiff's Trademarks.**

8.      Plaintiff is the owner of various federal trademark applications and registrations relevant to this Complaint, namely, U.S. Registration No. 4,095,866 for the word mark STONE CREEK in standard characters, and U.S. Registration No. 4,096,079 for the wording STONE CREEK surrounded by a stylized, red oval (together, the "Stone Creek Marks").   True and correct copies of the Certificates of Registration for the Stone Creek Marks are attached as Exhibit 1.   Following is Plaintiff's mark as it appears on Plaintiff's web site:



A true and correct copy of a printout of Plaintiff's web site is attached as Exhibit 2.

9.      Plaintiff is also the owner of significant common law rights for the Stone Creek Marks in connection with furniture and related sales, having used the Stone Creek Marks in commerce since at least April 28, 1990.

10.     At all relevant times, Plaintiff has continually used the Stone Creek Marks throughout the world and in the United States in connection with the design, development, marketing, and sale of its products.

11.     Plaintiff's marketing of its products using the Stone Creek Marks includes Plaintiff's advertisements in Phoenix Home & Garden magazine.  Publisher's statements for Phoenix Home & Garden magazine reveal extensive circulation of Plaintiff's advertisements within states in which Bon-Ton operates its stores, including Colorado, Connecticut, Idaho, Illinois, Indiana, Iowa, Kentucky, Maryland, Massachusetts, Michigan, Minnesota, Montana, Nebraska, New Hampshire, New Jersey, New York, and North Dakota.  True and correct copies of Phoenix Home & Garden Publisher's Statements are attached as Exhibit 3.

12.     As a result of Plaintiff's widespread and continuous use, advertisement, and promotion of its products utilizing the Stone Creek Marks, the Stone Creek Marks have become widely known and recognized as identifying Plaintiff as the source of a wide variety of furniture and related kitchen and bath improvements and as distinguishing such goods from those of others.  The Stone Creek Marks have come to represent and symbolize the excellent reputation of Plaintiff's products and Plaintiff's valuable goodwill among members of the public throughout the world and in the United States.

13.     The Stone Creek Marks are inherently distinctive and represent and embody the valuable goodwill associated with Plaintiff's products and services.

14.     The Stone Creek Marks have acquired a secondary meaning throughout the world and the United States.

15.     Plaintiff has sold its furniture and related products in virtually every state using Plaintiff's Stone Creek Marks, including, without limitation, the states where Defendants have retail outlets.

**B.**   **Defendants' Intentional Infringing Use Of The Stone Creek Marks And Misappropriation Of Plaintiff's Furniture Designs, Specifications, Marketing Materials, And Warranty Cards.**

16.   Plaintiff and Omnia entered into an agreement in 2003, pursuant to which Omnia would manufacture and distribute Plaintiff's leather sofas, on behalf of Plaintiff, utilizing Plaintiff's Stone Creek Marks.

17.   Omnia continues to manufacture and distribute leather sofas on behalf of Plaintiff utilizing Plaintiff's Stone Creek Marks.

18.   Recently, Plaintiff discovered Defendants had been marketing, distributing, offering for sale, and/or selling furniture using counterfeit reproductions of the Stone Creek Marks.  In fact, Plaintiff received numerous emails from consumers regarding "Stone Creek" furniture they had purchased from Bon-Ton stores, including Younkers and Carson's.  Plaintiff knows these sales are counterfeit as Plaintiff does not sell furniture through Bon-Ton.

19.   Other than the distribution agreement with Omnia, Defendants have no rights or permission from Plaintiff to use the Stone Creek Marks in any way and are in violation of Plaintiff's right to the Stone Creek Marks.

20.   Plaintiff contacted Bon-Ton retailers to investigate these unauthorized sales.  Through Plaintiff's investigation, it learned Bon-Ton retailers are using the Stone Creek Marks.  In fact, Bon-Ton retailers have used, and continue to use, Plaintiff's exact name and logo to sell exact reproductions of Plaintiff's furniture.  Following is Defendants' counterfeit mark as it appears on marketing materials provided to Defendants' customers:



A true and correct copy of Defendants' marketing materials bearing this counterfeit mark is attached as Exhibit 4.

21.   Further investigation by Plaintiff revealed Omnia is the manufacturer of the furniture being sold by Bon-Ton utilizing the counterfeit Stone Creek Marks.  This was

confirmed by Murray Eastern, Omnia's Vice President of Sales, in an email dated January 24, 2013, in which Mr. Eastern states, "we do sell our product to [Bon-Ton] stores under their marketing name 'Stone Creek Leather.'"  A true and correct copy of the January 24, 2013 email is attached as Exhibit 5.

22.     After Plaintiff's inquiry, Bon-Ton appears to have changed "Stone Creek" to "Stonecreek" in its marketing efforts in a transparent attempt to conceal its infringing use. The first result of a recent Google search for "omnia's stone creek leather" is for Bon-Ton's website marketing "Stonecreek Omnia Red Leather Sofa & Chair Collection."  True and correct copies of screenshots illustrating Bon-Ton's concealment are attached as Exhibit 6.

23.     Despite having no authorization from Plaintiff, upon information and belief, Defendants continue to prominently use the Stone Creek Marks to promote their products, in complete disregard and willful violation of Plaintiff's superior rights to the Stone Creek Marks.

24.     Defendants' willful and blatant violation of Plaintiff's superior rights to the Stone Creek Marks irreparably harms Plaintiff's relationship with current and potential third party customers and potential licensees for the Stone Creek Marks and other marks owned or controlled by Plaintiff.

25.     Additionally, as Defendants are creating, marketing, and selling products branded with the counterfeit Stone Creek Marks and using the Stone Creek Marks on their advertising, all without any input, control, or oversight from Plaintiff, the goodwill and value Plaintiff developed in the Stone Creek Marks are also being irreparably harmed and diluted.

26.     Defendants have actual knowledge of the Stone Creek Marks.  Defendants also have constructive knowledge of Plaintiff's claim of ownership of the Stone Creek Marks pursuant to 15 U.S.C. §1072 due to Plaintiff's registration of the Stone Creek Marks.

27.     Having actual and constructive knowledge of Plaintiff's rights in and ownership of the Stone Creek Marks, Defendants' use of the counterfeit Stone Creek Marks

1   has been willful, malicious, and deliberate, with the intent to trade off of Plaintiff's
2   goodwill, all to the substantial detriment of Plaintiff.

3       28.     In addition to Defendants' use of counterfeit Stone Creek Marks, Plaintiff has
4   discovered Defendants are using and disseminating exact reproductions of Plaintiff's
5   marketing materials and information to sell Defendants' counterfeit furniture, including,
6   without limitation, identical copies of Plaintiff's designs, specifications, and warranty cards
7   for its furniture.  In fact, the furniture marketed and sold by Defendants using counterfeit
8   Stone Creek Marks is identical to the furniture marketed and sold by Plaintiff using the
9   Stone Creek Marks.

10      29.     In response to Plaintiff's inquiries, Bon-Ton retailers and customers provided
11  copies of Plaintiff's existing designs, specifications, marketing materials, and warranty cards
12  to Plaintiff.  Omnia was privy to Plaintiff's designs, specifications, marketing materials, and
13  warranty cards from the manufacturing and distribution agreement between Omnia and
14  Plaintiff.

15      30.     In other words, Defendants misappropriated Plaintiff's designs, specifications,
16  marketing materials, and warranty cards, and utilized exact copies of such designs,
17  specifications, marketing materials, and warranty cards for Defendants' pecuniary gain.

18      31.     Defendants' use of exact copies of Plaintiff's designs, specifications,
19  marketing materials, and warranty cards illustrates Defendants' theft of Plaintiff's furniture
20  designs and other intellectual property.

21      **C.     Defendants' Intentional Infringing Use Of The Stone Creek Marks Has Caused Confusion Among Consumers.**

22

23      32.     Defendants' use of the Stone Creek Marks and Plaintiff's designs and
24  specifications has created and caused confusion, mistake, or deception as to the source,
25  sponsorship, or approval of Defendants' products, and is likely to suggest to the consuming
26  public that Defendants' products are in some way legitimately connected with, sponsored
27  by, or licensed by Plaintiff, or are the products of a company legitimately connected with,
28  approved by, or related to Plaintiff, all to the substantial detriment of Plaintiff.

33.    New and current customers of Plaintiff, respecting and knowing of the goodwill developed and associated with the Stone Creek Marks, are purchasing products from Defendants based on their continued use of the Stone Creek Marks in their advertising and the identical design of the products marketed and sold by Defendants.

34.    Plaintiff has received numerous inquiries from its customers and Defendants' customers regarding Defendants' infringing use of the Stone Creek Marks and Plaintiff's designs, specifications, marketing materials, and warranty cards.    Such customers mistakenly believe Defendants' products are in some way legitimately connected with, sponsored by, or licensed by Plaintiff, or are the products of a company legitimately connected with, approved by, or related to Plaintiff, all to the substantial detriment of Plaintiff.

35.    In particular, Plaintiff has received numerous inquiries regarding Defendants' products bearing the counterfeit Stone Creek Marks from Bon-Ton's customers who mistakenly believe such products were designed, developed, marketed, and sold by Plaintiff. This has caused significant confusion to Plaintiff's customers and damage to Plaintiff's goodwill, value, and reputation. True and correct copies of emails Plaintiff received from Bon-Ton's customers are attached as Exhibit 7.

36.    Plaintiff has been irreparably harmed by Defendants' intentional use of the counterfeit Stone Creek Marks and Plaintiff's furniture designs, and the confusion such use has caused.

## FIRST CLAIM FOR RELIEF

**(Federal Trademark Infringement Under 15 U.S.C. §1114(1) Against All Defendants)**

37.    Plaintiff incorporates paragraphs 1 through 36 of this Complaint as though said paragraphs were fully set forth herein.

38.    Defendants' actions described above constitute an infringing use in interstate commerce of a reproduction, counterfeit, copy, or colorable imitation of the registered Stone Creek Marks, and Defendants' sale, offering for sale, providing, or advertising of products and/or services under the Stone Marks is likely to cause, and has caused, confusion or

mistake to deceive the public in violation of 15 U.S.C. §1114(1), constituting trademark infringement under the Trademark/Service Mark Laws of the United States, 15 U.S.C. §1051 et seq.

39.    As a direct and proximate result of the foregoing actions of Defendants, Plaintiff has been and is likely to continue to be substantially and irreparably injured in its business, including its reputation, resulting in lost revenue and profits, and diminished goodwill, reputation, and ability to expand.

40.    Plaintiff has no adequate remedy at law because the Stone Creek Marks are unique and represent to the public Plaintiff's identity, reputation, and goodwill, such that monetary damages alone cannot fully compensate Plaintiff for Defendants' willful misconduct.

41.    Unless enjoined by this Court, Defendants will continue to use and wrongfully infringe upon the Stone Creek Marks, which will continue to cause irreparable injury to Plaintiff.  This present and future threat of injury to Plaintiff's business, identity, goodwill, and reputation requires injunctive relief to prevent Defendants' continued use and infringement of the Stone Creek Marks and to address and mitigate Plaintiff's injury.

42.    In addition to injunctive relief, Plaintiff is entitled to monetary damages in excess of $75,000, including, but not limited to, disgorgement of Defendants' profits, damages from lost sales and loss of goodwill and value in the Stone Creek Marks, and costs of suit.

43.    Plaintiff is further entitled to treble damages as a result of Defendants' intentional use of counterfeit Stone Creek Marks.

44.    Plaintiff has been required to engage the services of an attorney to prosecute this action and is entitled to reasonable attorney's fees and costs.

**SECOND CLAIM FOR RELIEF**

**(Federal Unfair Competition and False Designation of Origin Under 15 U.S.C. §1125(a) Against All Defendants)**

45.    Plaintiff incorporates paragraphs 1 through 44 of this Complaint as though said paragraphs were fully set forth herein.

9

46.     Defendants' actions described above constitute unfair competition, false designation of origin, false or misleading descriptions or representations of fact, false advertising, and/or unfair or deceptive trade practices, in that they are likely to cause confusion or mistake, or to deceive others as to the affiliation, connection, or association of Defendants' products and/or services with those provided by Plaintiff, or as to the origin, sponsorship, or approval of Defendants' products and/or services, and in fact have already caused such confusion and/or mistake, all in violation of 15 U.S.C. §1125(a).

47.     As a direct and proximate result of the foregoing acts, practices, and conduct of Defendants, Plaintiff has been substantially injured in its business, including its goodwill and reputation, resulting in lost revenues and profits, and diminished goodwill, reputation, and ability to expand.

48.     Plaintiff has no adequate remedy at law because the Stone Creek Marks are unique and represent to the public Plaintiff's identity, reputation, and goodwill, such that monetary damages alone cannot fully compensate for Defendants' blatant misconduct.

49.     Unless enjoined by this Court, Defendants will continue to unfairly compete, falsely designate the origin of its products or services, make false descriptions or representations, and use the Stone Creek Marks to cause confusion and/or mistake to the irreparable injury of Plaintiff.  This threat of future injury to the business, identity, goodwill, and reputation of Plaintiff requires injunctive relief to prevent Defendants' continued unfair competition, false designation of origin, false descriptions or representations, and use of the Stone Creek Marks, and to address and mitigate the injury to Plaintiff.

50.     In addition to injunctive relief, Plaintiff is entitled to monetary damages in excess of $75,000, including, but not limited to, disgorgement of Defendants' profits, damages from lost sales and loss of goodwill and value in the Stone Creek Marks, and costs of suit.

51.     Plaintiff is further entitled to treble damages as a result of Defendants' use of counterfeit Stone Creek Marks.

52.     Plaintiff has been required to engage the services of an attorney to prosecute this action and is entitled to reasonable attorney's fees and costs.

### THIRD CLAIM FOR RELIEF

### (Common Law Trademark Infringement Against All Defendants)

53.     Plaintiff incorporates paragraphs 1 through 52 of this Complaint as though said paragraphs were fully set forth herein.

54.     The acts of Defendants constitute an infringement of Plaintiff's common law rights to the Stone Creek Marks under the laws of the State of Arizona and elsewhere.  The Stone Creek Marks are distinctive and inherently distinctive.

55.     Defendants' acts have caused, are causing and, unless enjoined by this Court, will continue to cause, irreparable harm to Plaintiff.

56.     Plaintiff has no adequate remedy at law.

57.     As a result of Defendants' infringement of Plaintiff's common law rights to the Stone Creek Marks under the laws of the State of Arizona and elsewhere, Plaintiff has suffered damages in excess of $75,000.

58.     Plaintiff is further entitled to punitive damages as a result of Defendants' oppression, fraud, and/or malice.

59.     Plaintiff has been required to engage the services of an attorney to prosecute this action and is entitled to reasonable attorney's fees and costs.

### FOURTH CLAIM FOR RELIEF

### (Common Law Unfair Competition Against All Defendants)

60.     Plaintiff incorporates paragraphs 1 through 59 of this Complaint as though said paragraphs were fully set forth herein.

61.     The acts of Defendants constitute unfair competition in violation of Plaintiff's superior rights under the common law of the State of Arizona and elsewhere.

62.     Defendants' acts have caused, are causing and, unless enjoined by this Court, will continue to cause irreparable harm to Plaintiff's business, reputation, and goodwill.

63.     Plaintiff has no adequate remedy at law.

64.     As a result of Defendants' conduct sounding in common law unfair competition, Plaintiff has suffered damages in excess of $75,000.

65.     Plaintiff is further entitled to punitive damages as a result of Defendants' oppression, fraud, and/or malice.

66.     Plaintiff has been required to engage the services of an attorney to prosecute this action and is entitled to reasonable attorney's fees and costs.

## FIFTH CLAIM FOR RELIEF

### (State Infringement Under A.R.S. §44-1441 et seq. Against All Defendants)

67.     Plaintiff incorporates paragraphs 1 through 66 of this Complaint as though said paragraphs were fully set forth herein.

68.     Plaintiff is the owner of the Stone Creek Marks within the State of Arizona.

69.     By their above-described conduct, Defendants have engaged in trademark infringement, caused an injury to, and are likely to further injure Plaintiff's business reputation and the distinctive quality of the Stone Creek Marks, all in violation of A.R.S. §44-1441 et seq.

70.     Plaintiff has no adequate remedy at law.

71.     Plaintiff has been and will continue to be damaged by said conduct in an amount in excess of $75,000, including, but not limited to, disgorgement of Defendants' profits, damages from lost sales and loss of goodwill and value in the Stone Creek Marks, and costs of suit.

72.     Plaintiff is further entitled to treble damages as a result of Defendants' use of counterfeit Stone Creek Marks.

73.     Plaintiff has been required to engage the services of an attorney to prosecute this action and is entitled to reasonable attorney's fees and costs.

## SIXTH CLAIM FOR RELIEF

### (Violation of Arizona Trade Secrets Act, A.R.S. §44-401 et seq. Against All Defendants)

74.     Plaintiff incorporates paragraphs 1 through 73 of this Complaint as though said paragraphs were fully set forth herein.

75.    Plaintiff's furniture designs and specifications are the product of years of effort and much expense required to develop the knowledge and expertise for a commercially successful furniture company.  In combination with confidential information on pricing and customer needs, Plaintiff's designs and specifications have tremendous value to Plaintiff and access to it would be of great value to its competitors.

76.    Plaintiff has made appropriate efforts reasonable under the circumstances to maintain the secrecy of information regarding its designs and specifications, thus maximizing its commercial value.

77.    Omnia, in the course of its business relationship with Plaintiff, was made aware of Plaintiff's efforts to maintain the secrecy of its furniture designs and specifications.

78.    Defendants willfully and maliciously misappropriated Plaintiff's designs and specifications for their own profit, causing continuing degradation in the value of such information.

79.    Plaintiff is entitled to recover its actual and consequential damages caused by Defendants' misappropriation of Plaintiff's designs and specifications, any unjust enrichment to Defendants and/or others resulting from the misappropriation, and a reasonable royalty for Defendants' unauthorized disclosure and use of Plaintiff's trade secrets.  Plaintiff is also entitled to an award of exemplary damages in twice the amount of the damages awarded.

80.    The continued unlawful violations of Plaintiff's trade secret rights by Defendants is willful and intentional and is causing and will continue to cause immediate and irreparable injury to Plaintiff for which there is no adequate remedy at law.  The damages from the loss of customer goodwill and fair competition caused by Defendants' conduct are difficult to assess and quantify.

81.    The harm to Defendants caused by enforcement of the Arizona Trade Secrets Act is non-existent in comparison to the irreparable harm suffered by Plaintiff, especially in light of the fact that Plaintiff's losses resulting from Defendants' surreptitious use of such

1  information may not be susceptible to accurate calculation with respect to quantity and
2  duration.

3      82.    Injunctive relief would preserve the commercial value of Plaintiff's trade
4  secrets, while preventing Defendants and others to whom Defendants may be disclosing
5  such information from unfairly reaping the benefits of their unlawful conduct.

6      83.    The public interest will be served by requiring Defendants to cease and desist
7  from their unlawful conduct.  In order to eliminate the commercial advantage that otherwise
8  would be derived from their misappropriation of Plaintiff's trade secrets, Defendants should
9  be enjoined pursuant to A.R.S. §44-402.

10      84.    Plaintiff has been required to engage the services of an attorney to prosecute
11  this action and is entitled to reasonable attorney's fees and costs.

12  **SEVENTH CLAIM FOR RELIEF**

13  **(Conversion of the Stone Creek Marks Against All Defendants)**

14      85.    Plaintiff incorporates paragraphs 1 through 84 of this Complaint as though
15  said paragraphs were fully set forth herein.

16      86.    Although they have no authorization from Plaintiff, Defendants have used and
17  may continue to use the Stone Creek Marks in connection with their products and/or
18  services, without any payments to Plaintiff, and have thereby converted Plaintiff's valuable
19  Stone Creek Marks for their own use in violation of Plaintiff's rights under the common law
20  of Arizona and elsewhere.

21      87.    Defendants' use of the Stone Creek Marks is in denial of, inconsistent with,
22  and/or in derogation, exclusion, and/or defiance of Plaintiff's title to or rights in the Stone
23  Creek Marks.

24      88.    Defendants' intentional exercise of dominion or control over the Stone Creek
25  Marks so seriously interferes with the right of Plaintiff to control the Stone Creek Marks that
26  Defendants may justly be required to pay Plaintiff the full value of the Stone Creek Marks.

27      89.    Plaintiff had the right to immediate possession of the Stone Creek Marks at the
28  time of Defendants' conversion

14

90.    Plaintiff has been and will continue to be damaged by said conduct in an amount in excess of $75,000.

91.    Plaintiff has been required to engage the services of an attorney to prosecute this action and is entitled to reasonable attorney's fees and costs.

### EIGHTH CLAIM FOR RELIEF

**(Conversion of Plaintiff's Designs, Specifications, and Marketing Materials Against All Defendants)**

92.    Plaintiff incorporates paragraphs 1 through 91 of this Complaint as though said paragraphs were fully set forth herein.

93.     Although they have no authorization from Plaintiff, Defendants have used and may continue to use Plaintiff's furniture designs, specifications, and marketing materials in connection with their products and/or services, without any payments to Plaintiff, and have thereby converted Plaintiff's valuable property for their own use in violation of Plaintiff's rights under the common law of Arizona and elsewhere.

94.    Defendants' use of Plaintiff's furniture designs, specifications, and marketing materials is in denial of, inconsistent with, and/or in derogation, exclusion, and/or defiance of Plaintiff's title to or rights in Plaintiff's furniture designs, specifications, and marketing materials.

95.    Defendants' intentional exercise of dominion or control over Plaintiff's furniture designs, specifications, and marketing materials so seriously interferes with the right of Plaintiff to control its designs, specifications, and marketing materials that Defendants may justly be required to pay Plaintiff the full value of the designs, specifications, and marketing materials.

96.    Plaintiff had the right to immediate possession of its designs, specifications, and marketing materials at the time of Defendants' conversion.

97.    Plaintiff has been and will continue to be damaged by said conduct in an amount in excess of $75,000.

98.    Plaintiff has been required to engage the services of an attorney to prosecute this action and is entitled to reasonable attorney's fees and costs.

## NINTH CLAIM FOR RELIEF

### (Unjust Enrichment as to the Stone Creek Marks Against All Defendants)

99.     Plaintiff incorporates paragraphs 1 through 98 of this Complaint as though said paragraphs were fully set forth herein.

100.    The aforesaid acts of Defendants constitute misappropriation of the Stone Creek Marks, as well as the valuable goodwill associated therewith, at no cost to Defendants, and result in Defendants unfairly benefiting from their wrongful acts in violation of Plaintiff's rights under the common law of Arizona and elsewhere.

101.    The aforesaid acts of Defendants have caused, and will continue to cause, an impoverishment of Plaintiff.

102.    Defendants have no justification for their misappropriation of the Stone Creek Marks.

103.     Plaintiff has no adequate remedy at law because the Stone Creek Marks are unique and represent to the public Plaintiff's identity, reputation, and goodwill, such that monetary damages alone cannot fully compensate Plaintiff for Defendants' willful misconduct.

104.    Plaintiff has been and will continue to be damaged by said conduct in an amount in excess of $75,000.

105.    Plaintiff has been required to engage the services of an attorney to prosecute this action and is entitled to reasonable attorney's fees and costs.

## TENTH CLAIM FOR RELIEF

### (Unjust Enrichment as to Plaintiff's Designs, Specifications, and Marketing Materials Against All Defendants)

106.    Plaintiff incorporates paragraphs 1 through 105 of this Complaint as though said paragraphs were fully set forth herein.

107.    The aforesaid acts of Defendants constitute misappropriation of Plaintiff's furniture designs, specifications, and marketing materials, as well as the valuable goodwill associated therewith, at no cost to Defendants, and result in Defendants unfairly benefiting

16

1  from their wrongful acts in violation of Plaintiff's rights under the common law of Arizona
2  and elsewhere.

3      108.   The aforesaid acts of Defendants have caused, and will continue to cause, an
4  impoverishment of Plaintiff.

5      109.   Defendants have no justification for their misappropriation of Plaintiff's
6  furniture designs, specifications, and marketing materials.

7      110.   Plaintiff has no adequate remedy at law because Plaintiff's designs,
8  specifications, and marketing materials are unique and represent to the public Plaintiff's
9  identity, reputation, and goodwill, such that monetary damages alone cannot fully
10  compensate Plaintiff for Defendants' willful misconduct.

11     111.   Plaintiff has been and will continue to be damaged by said conduct in an
12  amount in excess of $75,000.

13     112.   Plaintiff has been required to engage the services of an attorney to prosecute
14  this action and is entitled to reasonable attorney's fees and costs.

15              **ELEVENTH CLAIM FOR RELIEF**
16              **(Breach of Contract Against Omnia)**

17     113.   Plaintiff incorporates paragraphs 1 through 112 of this Complaint as though
18  said paragraphs were fully set forth herein.

19     114.   Plaintiff and Omnia entered into a valid and enforceable agreement for the
20  manufacture and distribution of Plaintiff's furniture.

21     115.   Plaintiff performed or was excused from performance under the agreement.

22     116.   Omnia breached the agreement by its actions, which include the conduct
23  alleged herein.

24     117.   Plaintiff has been and will continue to be damaged by said conduct in an
25  amount in excess of $75,000.

26     118.   Plaintiff has been required to engage the services of an attorney to prosecute
27  this action and is entitled to reasonable attorney's fees and costs.

28

17

## TWELFTH CLAIM FOR RELIEF

### (Breach of the Implied Covenant of Good Faith and Fair Dealing Against Omnia)

119.    Plaintiff incorporates paragraphs 1 through 118 of this Complaint as though said paragraphs were fully set forth herein.

120.    There is implied in every contract an implied covenant of good faith and fair dealing.

121.    Plaintiff and Omnia entered into a valid and enforceable agreement for the manufacture and distribution of Plaintiff's furniture.

122.    Omnia owed a duty of good faith to Plaintiff.

123.    Omnia breached its duty of good faith by performing in a manner that is unfaithful to the purpose of the agreement, beyond the risks that Plaintiff assumed, for a reason inconsistent with Plaintiff's expectations.

124.    Plaintiff's justified expectations were thus denied.

125.    Plaintiff has been and will continue to be damaged by said conduct in an amount in excess of $75,000.

126.    Plaintiff has been required to engage the services of an attorney to prosecute this action and is entitled to reasonable attorney's fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

1.      For compensatory damages in an amount in excess of $75,000.00;

2.      For punitive damages in an amount to be determined at trial;

3.      For treble damages on Plaintiff's First, Second, and Fifth Claims for Relief;

4.      For injunctive relief preliminarily and permanently enjoining and restraining Defendants and Defendants' partners, agents, servants, employees, parents, subsidiaries, and affiliates, and all persons acting in active concert or participation with any of them, from: (a) using the Stone Creek Marks, or any other mark confusingly similar to the Stone Creek Marks; (b) using Plaintiff's furniture designs, specifications, and marketing materials; and (c) representing by any means whatsoever, directly or indirectly, or doing any other acts or

things calculated or likely to cause confusion, mistake, or deception among members of the public or members of the trade as to the source, sponsorship, affiliation, or approval of Defendants' goods and services;

5. For an order directing the seizure of goods and counterfeit Stone Creek Marks used by Defendants;

6. For pre-judgment interest on all amounts recovered herein;

7. For post-judgment interest on all amounts recovered herein;

8. For attorney's fees and costs; and

9. For such other relief as the Court deems just and proper.

DATED this 5th day of April, 2013.

CHESTER & SHEIN, P.C.

By:    /s/ Mark D. Chester
   Mark D. Chester, Esq.
   Ryan A. Houser, Esq.
   8777 N. Gainey Center Drive, Suite 191
   Scottsdale, Arizona 85258-2106

   Corey M. Eschweiler, Esq., *Pro Hac Vice Pending*
   Nevada Bar No. 6635
   Adam D. Smith, Esq., *Pro Hac Vice Pending*
   Nevada Bar No. 9690
   GLEN J. LERNER & ASSOCIATES
   4795 South Durango Drive
   Las Vegas, Nevada 89147

   *Attorneys For Plaintiff*

**VERIFICATION**

I, Ronald Jones, being duly sworn, declare as follows:

1.      I am the President of STONE CREEK, INC., Plaintiff in the case styled Stone Creek, Inc. v. Omnia Italian Design, Inc. and The Bon-Ton Stores, Inc.

2.      I have read the above Complaint, I know the contents thereof, and it is true of my own knowledge, except the matters stated therein on information and belief, and as to those matters, I believe the Complaint to be true.

3.      I know the contents of the exhibits attached to the above Complaint, and they are true and correct of my own knowledge.

4.      I verify under penalty of perjury that the foregoing is true and correct.

Executed on _APRIL 2,_, 2013.

RONALD JONES

1

## **DEMAND FOR JURY TRIAL**

2      Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, STONE CREEK,

3    INC. hereby demands a trial by jury as to all claims in this action.

4      DATED this 5th day of April, 2013.

5                          CHESTER & SHEIN, P.C.

6

7                      By:   _/s/ Mark D. Chester_____
                            Mark D. Chester, Esq.
                            Ryan A. Houser, Esq.
8                            8777 N. Gainey Center Drive, Suite 191
                            Scottsdale, Arizona 85258-2106
9
                            Corey M. Eschweiler, Esq., *Pro Hac Vice Pending*
10                           Nevada Bar No. 6635
                            Adam D. Smith, Esq., *Pro Hac Vice Pending*
11                           Nevada Bar No. 9690
                            GLEN J. LERNER & ASSOCIATES
12                           4795 South Durango Drive
                            Las Vegas, Nevada 89147
13
                            *Attorneys for Plaintiff*
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28