**LEWIS BRISBOIS BISGAARD & SMITH LLP**
M. CRAIG MURDY, SB# 011016
 E-Mail: Craig.Murdy@lewisbrisbois.com
Phoenix Plaza Tower II
2929 N. Central Avenue, Suite 1700
Phoenix, Arizona 85012-2761
Telephone: 602.385.1040
Facsimile: 602.385.1051

DANIEL C. DECARLO, SB# 160307- *Admitted Pro Hac Vice*
 E-Mail: decarlo@lbbslaw.com
DANIEL R. LEWIS, SB# 260106-*Admitted Pro Hac Vice*
 E-Mail: drlewis@lbbslaw.com
633 West 5th Street, Suite 4000
Los Angeles, California 90071
Telephone: 213.250.1800
Facsimile: 213.250.7900

*Attorneys for Defendant Omnia Italian Design, Inc.*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| STONE CREEK, INC., an Arizona corporation, <br><br>  Plaintiff, <br><br> vs. <br><br> OMNIA ITALIAN DESIGN, INC., a California corporation; and THE BON-TON STORES, INC., a Pennsylvania corporation, <br><br>  Defendant. | CASE NO. 13-CV-00688-NVW <br><br> **DEFENDANT OMNIA ITALIAN DESIGN INC.'S MOTION FOR PARTIAL SUMMARY JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES** <br><br> Trial Date:   None Set |

Pursuant to Rule 56, Federal Rules of Civil Procedure ("FRCP"), Defendant Omnia Italian Design, Inc. ("Omnia"), by and through undersigned counsel, hereby moves for partial summary judgment as to the following issues:

1. Plaintiff Stone Creek is not entitled to seek damages as a remedy on any of its remaining claims.

4838-8720-4387.1
DEFENDANT OMNIA ITALIAN DESIGN INC.'S MOTION FOR PARTIAL SUMMARY JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES

2. Plaintiff is not entitled to a Jury trial as the only remaining available remedies are equitable and equitable claims do not give rise to a jury trial.

DATED: May 11, 2015           LEWIS BRISBOIS BISGAARD & SMITH LLP


By:       /s/ Daniel C. DeCarlo
          Daniel C. DeCarlo
          Attorneys for Omnia Italian Design, Inc.

**TABLE OF CONTENTS**

**Page**

I.   INTRODUCTION ................................................................................................ 1

II.   THE UNDISPUTED FACTS THAT JUSTIFY SUMMARY JUDGMENT ........................................................................................................ 2

III.   SUMMARY JUDGMENT STANDARD ........................................................... 2

IV.   LEGAL ARGUMENT ........................................................................................ 3

    A.   Trademark Infringement Remedies ........................................................ 3

    B.   There Is No Evidence Of Actual Damages ............................................. 5

    C.   Plaintiff Cannot Provide Any Damage Evidence In The Future ............ 8

    D.   Plaintiff is Not Entitled to A Jury Trial Because Its Remaining Claims Are Equitable ............................................................................ 9

        1.   Plaintiff Is Not Seeking Damages. .................................................. 9

        2.   A Claim For Unjust Enrichment or Disgorgement of Profits under 15 U.S.C. §1117 is Equitable................................... 9

V.   CONCLUSION ................................................................................................. 11

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Since the inception of this lawsuit and for reasons that are completely unknown, Plaintiff has duped Defendant OMNIA ITALIAN DESIGN, INC ("Omnia" or "Defendant")[1] into believing it was seeking damages as compensation for its alleged injuries suffered as a result of Defendant's alleged trademark infringement. Throughout discovery, Defendant repeatedly sought information about Plaintiff's damages and was repeatedly rebuffed with the mantra of "to be determined by expert testimony." In fact, Plaintiff served 10 disclosure statements which all state that damages will be "determined by expert testimony". In the end, Plaintiff never provided any evidence or information about damages and its "expert"- who was supposed to ultimately opine on damages acknowledged that he was not even hired to opine on damages and in fact had no opinion on damages.

Taking Plaintiff's repeated discovery and disclosure responses claiming damages as genuine, Defendant spent a significant amount of time and money trying to determine how Plaintiff could possibly have been damaged by the Defendant's action only to reach the undeniable conclusion that no damage occurred. Perhaps not surprisingly, Plaintiff reached the same conclusion and ultimately never sought to establish a damage case.

As we set forth here, Plaintiff's financial expert, Bryce Cook, provided only an analysis as to what Defendant's alleged unjust enrichment from the alleged infringing sales was. He admitted that he had done no damage analysis and had no opinions on damages. As such, Plaintiff's failure to present any evidence-either through discovery or expert testimony about the fact and amount of damages necessarily means that Plaintiff can not present evidence of damage at trial. Plaintiff is, according to its expert, pursuing only a monetary remedy of unjust enrichment under 15 U.S.C. 1117 ( a) which is an equitable remedy and is not synonymous with damages.

---

[1] Defendant Bon Ton settled.

4838-8720-4387.1
1
DEFENDANT OMNIA ITALIAN DESIGN INC.'S MOTION FOR PARTIAL SUMMARY JUDGMENT;
MEMORANDUM OF POINTS AND AUTHORITIES

Since Plaintiff has no evidence of damages, its only remaining claims are equitable, namely unjust enrichment and injunctive relief.  It is hornbook law that when only equitable relief is sought, a Plaintiff has no right to a jury trial.  Accordingly, Defendant is also asking this Court to rule at this time that Plaintiff is not entitled to a Jury trial.[2]

## II.   THE UNDISPUTED FACTS THAT JUSTIFY SUMMARY JUDGMENT

Rather than rehash the background facts of this case, Defendant refers the Court to its August 28, 2014 Order [Docket #99] which lays out the facts of the case as articulated in the parties' prior Summary Judgment Motions.  In that Order, the court dismissed Plaintiff's state law claims and left the trademark infringement and unfair competition/unjust enrichment causes of action.   For the instant Motion, the only relevant undisputed facts are as follows:

1. Plaintiff sought actual damages in its complaint. (U.F. 1)
2. Plaintiff claimed in discovery and in its Rule 26 disclosure that its damages would be provided through expert testimony. (U.F. 2)
3. No evidence of  damage was ever provided by Plaintiff's expert. (U.F. 3)
4. Plaintiff's sole relief sought from Defendant is equitable, namely unjust enrichment and injunctive relief. (U.F. 4)

## III.  SUMMARY JUDGMENT STANDARD

Summary judgment is proper where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. Rule 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).  The moving party has the burden of demonstrating the absence of a genuine issue of fact for trial.  *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256

---

[2] If the court believes this is not an appropriate action to take on a Motion for Partial Summary Judgment, Defendant asks that this Court treat this portion of the Motion as a Motion to Strike Plaintiff's Jury Demand from the Complaint.

1  (1986).  If the moving party satisfies the burden, the party opposing the motion must set
2  forth specific facts, through affidavits or admissible discovery materials, showing that
3  there remains a genuine issue for trial.  *See id.*; Fed. R. Civ. P. Rule 56(c).  The dispute
4  must be genuine.  The "opponent must do more than simply show there is some
5  metaphysical doubt as to the material facts." *Matsushita Electric Industrial Co., Ltd. v.*
6  *Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).  A complete failure of proof concerning an
7  essential element of the non-moving party's case necessarily renders all other facts
8  immaterial.  *Celotex*, 477 U.S. at 323.

9  **IV.   LEGAL ARGUMENT**
10        A.   Trademark Infringement Remedies
11           As noted in *Lindy Pen Co. v. Bic Pen* Corp., 982 F.2d 1400, 1407 (9th Cir. 1993),
12  "Trademark remedies are guided by tort law principles".  The preferred remedy in
13  trademark disputes is injunctive relief.  *Masters v. UHS of Del., Inc.*, 631 F.3d 464, 471
14  (8th Cir. Mo. 2011.)  However, the Lanham Act does provide that a Plaintiff who
15  successfully sues for trademark infringement may be entitled to: (1) any damages sustained
16  by the Plaintiff, (2) Defendant's profits from unjust enrichment (provided such
17  infringement was willful), and (3) the costs of the action. 15 U.S.C. § 1117(a).
18           Damages and unjust enrichment are not the same thing.  Disgorgement of the
19  Defendant's profits or unjust enrichment is a purely equitable remedy. "The Supreme
20  Court…has characterized disgorgement of improper profits as an equitable remedy…".
21  *Quai Corp v. Mattel* 2011 U.S. Dist. LEXIS 76157 at *23. (N. D Cal. 2011).  "Instead,
22  [the plaintiff] relies upon an unjust enrichment rationale, which at most entitles it to
23  equitable relief rather than damages." Id.   The Ninth Circuit recently stated plainly,  "**A**
24  **claim for disgorgement of profits under § 1117(a) is equitable, not legal.**" *Fifty-Six*
25  *Hope Rd. Music, Ltd. v. A.V.E.L.A., Inc*., 778 F.3d 1059, 1075 (9th Cir. 2005). (emphasis
26  added.)
27           Accordingly, disgorgement of profits or unjust enrichment, it should be understood,
28

is not considered a "damage", but rather is an equitable remedy which says that a wrongdoer should not profit from its wrongdoing and should give up the fruits of that wrongdoing.[3] There is no requirement that the plaintiff prove causation, i.e. that "but for" the infringement, the plaintiff would have made those profits, but there is a requirement that the profits being disgorged as an equitable remedy be "attributable to" the infringement. *Memory Lane, Inc. v. Classmates Int'l, Inc.*, 2014 U.S. Dist. LEXIS 63961 (C.D. Cal. May 8, 2014) citing *Nintendo of Am., Inc. v. Dragon Pac. Int'l*, 40 F.3d 1007, 1012 (9th Cir. 1994) .

Furthermore, in the Ninth Circuit, in order to recover the infringer's profits as a remedy, Courts require "intentional infringement". 5 *McCarthy*, §30:62. *M2 Software v. Viacom, Inc.,* 223 Fed. Appx. 653, 655 (9th Cir. 2007); *Lindy Pen Co. v. Bic Pen Corp.*, 982 F.2d 1400, 1407-1409 (9th Cir. 1993). The Ninth Circuit has cautioned that "an accounting is proper only where the defendant is attempting to gain the value of an established name of another." See *Hydramedia Corp. v. Hydra Media Group Inc.*, 392 Fed. Appx. 522 (9th Cir. 2010). Willful infringement means "some showing of intent to trade off the mark holder's established name as a necessary condition to justify a disgorgement remedy." *Spin Master Ltd.* 2012 U.S. Dist. LEXIS 188099 at *44.

Accordingly, there are key distinctions between damages and disgorgement of profits (unjust enrichment), and it is imperative to properly classify the relief sought.

---

[3] The Copyright Act, incidentally, has a different remedial construct. Under the Copyright Act, the profits of the infringer are considered damages and not equitable relief. See *Nintendo v. Dragon Pack,* 40 F. 3d. 1007, 1011 (9th Cir. 1994) "A copyright owner may elect either actual damages or statutory damages under the Copyright Act, **Actual damages consist of elements such as the profits lost by the copyright holder, the profits made by the infringer or the diminution in value of the copyright.** Such damages are designed to compensate the plaintiff and to prevent the defendant's unjust enrichment" (Emphasis added).  As such, copyright cases will necessarily then discuss the profits of the infringer as damages.  We bring this up because it appears at least in part from pre-motion meeting and conferring, that Plaintiff intends to rely on copyright cases to support its position that its pursuit of Defendant's profits is a pursuit of damages.

Plaintiff asks for both in its Complaint. [U.F. 1.]

### B. There Is No Evidence Of Actual Damages

When a Plaintiff fails to offer competent evidence of damages, dismissal on summary judgment is appropriate with respect to all claims for which Plaintiff bears the burden of establishing the amount of actual harm it suffered as a result of the Defendant's actions. See: *Weinberg v. Whatcom County*, 241 F.3d 746, 751 (9th Cir. Wash. 2001) holding:

> We have observed that plaintiffs "'must provide evidence such that the jury is not left to speculation or guesswork in determining the amount of damages to award.'" *McGlinchy v. Shell Chem. Co.*, 845 F.2d 802, 808 (9th Cir. 1988) (quoting *Dolphin Tours, Inc. v. Pacifico Creative Serv., Inc.*, 773 F.2d 1506, 1509 (9th Cir. 1985)). Thus, "summary judgment is appropriate where appellants have no expert witnesses or designated documents providing competent evidence from which a jury could fairly estimate damages." 845 F.2d at 808 (citing *Rickards v. Canine Eye Registration Found., Inc.*, 704 F.2d 1449, 1452 (9th Cir. 1983))

Plaintiff had several opportunities to provide Defendant's with evidence of its claims of actual damages but never provided any. Plaintiff's first opportunity occurred during the initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1)(A)(iii) in which a Plaintiff must provide Defendant with a "computation of each category of damages claimed by the disclosing party." In Plaintiff's initial disclosure dated August 23, 2013, it stated the following:

> Actual damages
> (i)   Lost Sales – to be determined by expert testimony
> (ii)  Decrease in Plaintiff's Value– to be determined by expert testimony
> (iii) Loss of Goodwill– to be determined by expert testimony
> (iv)  Loss of Expansion Opportunity– to be determined by expert testimony
> (U.F. 1, Exhibit "B")

These disclosures were amended nine times over the course of the litigation but this portion remained constant. (U.F. 2, Declaration of Daniel Lewis, "Lewis Decl." ¶ 3, Exhibits "B", "C".)

Plaintiff's next opportunity came on October 18, 2013, when it responded to Defendant's First Set of Interrogatories. Defendant's second interrogatory asked Plaintiff to, "State every type of damage YOU have suffered as a result of the acts YOU allege

DEFENDANT committed against YOU in this ACTION (including the monetary amount attributable to each item type of damage)." Plaintiff responded with the exact same response it gave in its initial disclosures:

>   Actual damages
>   (i)   Lost Sales – to be determined by expert testimony
>   (ii)  Decrease in Plaintiff's Value– to be determined by expert testimony
>   (iii) Loss of Goodwill– to be determined by expert testimony
>   (iv)  Loss of Expansion Opportunity– to be determined by expert testimony

(U.F. 2, Exhibit "D".)

Plaintiff's next opportunity to outline its actual damages came on December 10, 2014, when it responded to Defendant's Second Set of Interrogatories. Defendants very first interrogatory of the set, Interrogatory No. 15., asked, "State specifically how you have been damaged as a result of Defendant's sale of the accused products." To which Plaintiff repeated its response regarding actual damages verbatim:

>   Actual damages
>   (i)   Lost Sales – to be determined by expert testimony
>   (ii)  Decrease in Plaintiff's Value– to be determined by expert testimony
>   (iii) Loss of Goodwill– to be determined by expert testimony
>   (iv)  Loss of Expansion Opportunity– to be determined by expert testimony

(U.F. 2, Exhibit "F".)

On December 31, 2014, Plaintiff supplemented its responses to both sets of interrogatories by adjusting the "disgorgement of profits" amount it was seeking, however, the "actual damages" portion of its responses remained unchanged. It was "to be determined by expert testimony". (U.F. 2, Exhibits "E" and "G".)

Finally, on February 27, 2015, the expert disclosure deadline, Plaintiff disclosed one expert, Bryce Cook of Navigant Consulting, Inc. and stated that he would "testify as to damages stemming from the infringement of the Stone Creek trademark by Omnia Italian Design." (U.F. 3, Exhibit "H".) However, despite the fact that Plaintiff and Mr. Cook both describe his report as a "damage" report, he opines solely on disgorgement of Defendant's profits. Under Mr. Cook's section III "Analysis of Damages" he states, "Under the Lanham Act, a plaintiff whose mark has been infringed is entitled to recover

1  the defendant's profits."[4] Mr. Cook's entire six page report discusses only the equitable

2  remedy of disgorgement of Omnia's profits. (U.F. 3, Exhibit "H".) There is nothing in

3  his report that speaks to damages. Despite Plaintiff's consistent claims that actual damages

4  will be "determined by expert testimony", no such testimony was ever provided by Mr.

5  Cook. (U.F. 3, Exhibit "H".)

6       Curiously, **after** Plaintiff's expert's report offered no damage opinions, Plaintiff

7  served a "Ninth Supplement to Plaintiff's Initial disclosure of Witnesses and Documents"

8  on March 4, 2015. This supplement still insisted that Plaintiff was seeking actual damages

9  which would be "determined by expert testimony." (U.F. 2, Exhibit "C".)

10       On April 14, 2015, Defendant took the deposition of Bryce Cook. He conceded that

11  he was not offering opinions on any of the items of damage that Plaintiff identified in its

12  discovery responses and disclosures and that he had not been retained to opine on

13  damages. (U.F. 3, Exhibit "I" Cook depo. p. 11:5-12; 20:18-22:25; 27:24 –29:3, 31:16-

14  17.)[5] The following relevant testimony was given by Mr. Cook at his deposition:

> A.    I was engaged to review the financial information produced by Omnia, and to determine the profit that they made associated with selling the accused product
>
> p. 11:5-12
>
> \*\*\*
>
> Q.    so you were not asked in this instance to – to attempt to calculate the plaintiff's damages, you were asked to compute what the defendant's profits were, correct?
> A.    Correct

---

[4] This is an incorrect recitation of the law as a Plaintiff can only recover a disgorgement of profits if it proves that Defendant has willfully sought to trade off of the Plaintiff's goodwill. It is in no way an automatic right of a Plaintiff who proves infringement.
[5] As will be discussed in a future in limine motion, Plaintiff's expert readily admits that he did not follow the Ninth Circuit's standard for calculating a Defendant's alleged unjust enrichment. He conducted some sort of business sector analysis that does not take into account the deduction of fixed overhead costs even if that overhead was of actual assistance in the production, distribution or sale of the infringing product. This is improper per Ninth Circuit precedent. *Frank Music Corp. v. Metro-Goldwyn-Mayer, Inc.,* 772 F.2d 505 (9th Cir. Cal. 1985).

pp. 20:18-21:3

\*\*\*

Defendant asked Mr. Cook to look at Plaintiff's March 4, 2015 Ninth supplemental disclosure and asked:

> Q. and underneath that it has actual damages, and there's four – four items. First one is lost sales, and it says to be determined by expert testimony. Now you did not determine in your report the extent of any lost sales by the Plaintiff Stone Creek, correct?
> A. Correct
> Q. And in your report, you didn't attempt to calculate any decrease in the plaintiff's value correct?
> A. That's correct.
> Q. And in your report, you did not attempt to calculate any loss of goodwill, correct?
> A. Correct.
> Q. And in your report, you did not make any effort to evaluate loss of expansion opportunity, correct?
> A. Correct.

pp. 27:16-28:13

Finally, Mr. Cook admitted, "I've not been asked to determine plaintiff's economic damages." p. 31:16-17.

Accordingly, it is undisputable that Mr. Cook provided no expert testimony on the issue of plaintiff's damages and it is undisputed that no such information was provided by Plaintiff during discovery.

  C. <u>Plaintiff Cannot Provide Any Damage Evidence In The Future</u>

As succinctly outlined in *MKB Constructors v. Am. Zurich Ins. Co.*, 2014 U.S. Dist. LEXIS 137495, 17-18 (W.D. Wash. Sept. 29, 2014) it is the Plaintiff's duty, pursuant to the Federal Rules, to provide a calculation of its damages. If it does not do so, it is precluded from claiming damages:

> "[A Plaintiff], however, is required to produce not only the materials on which the computation can be formulated, but the computation itself. See Fed. R. Civ. P. 26(a)(1)(A)(iii) ("A party must . . . provide . . . a computation of each category of damages claimed by the disclosing party."). "The plaintiff cannot shift to the defendant the burden of attempting to determine the amount of the plaintiff's alleged damages." Jackson v. United Artists Theatre Circuit, Inc., 278 F.R.D. 586, 593 (D. Ariz. 2011) (citing *Design Strategy, Inc. v. Davis*, 469 F.3d 284, 294-95 (2nd Cir. 2006)). Simply providing documents or other information and

> assuming that the defendant will somehow divine the plaintiff's damages computation from those documents or other information is insufficient and not in accord with the requirements of Rule 26(a) and (e). As the language of Rule 26(a)(1)(A)(iii) indicates, for disclosure purposes, damages are determined not by actual cost, but by what the party claims. See *Patton v. Wal-Mart Stores, Inc.*, NO. 2:12-cv-02142-GMN-VCF, 2013 U.S. Dist. LEXIS 77757, 2013 WL 6158461, at *4 (D. Nev. Nov. 20, 2013). The court concludes that MKB failed to comply with Rule 26(e) when it failed to timely supplement its damages computation within the discovery period.

Accordingly, since discovery is closed and Plaintiff has provided no such computation, it is precluded from providing one in the future. Consequently, Plaintiff has offered no evidence to support its claim of damages and thus summary adjudication should be entered on this point. *McGlinchy v. Shell Chem. Co.*, 845 F.2d. 802, 808 (9th Cir. 1988).

D. <u>Plaintiff is Not Entitled to A Jury Trial Because Its Remaining Claims Are Equitable</u>

Because Stone Creek is not seeking any legal relief in the form of damages but, rather, is only seeking equitable relief in the form of injunctive relief and unjust enrichment, it is not entitled to a jury trial. (U.F. 4.) *See: Toyota Motor Sales, U.S.A., Inc. v. Tabari*, 610 F.3d 1171, 1183-84 (9th Cir. 2010); *Anti-Monopoly, Inc. v. General Mills Fun Group*, 611 F.2d 296, 307 (9th Cir. 1979). See also *Chevron Corp. v. Donziger*, 2013 U.S. Dist. LEXIS 144764 (S.D.N.Y. Oct. 7, 2013) stating "[a]s an initial matter, '[i]t is well settled that when a party withdraws its damages claims and pursues only equitable relief, a jury trial is no longer available and issues must be tried by the court." In case there was any doubt of this established proposition, the Court provided a lengthy string site to a swath of cases confirming such.

   1. Plaintiff Is Not Seeking Damages.

As discussed above, Plaintiff has abandoned its claim for damages by offering no evidence of such. Accordingly, the only relief it is seeking is equitable. (U.F. 4.)

   2. A Claim For Unjust Enrichment or Disgorgement of Profits under 15

U.S.C. §1117 is Equitable.

As the Ninth Circuit recently stated in *Fifty-Six Hope Rd. Music, Ltd. v. A.V.E.L.A.*, Inc., 778 F.3d 1059, 1074 (9th Cir. Nev. 2015):

> **A claim for disgorgement of profits under § 1117(a) is equitable, not legal.** Litigants filed trademark-like actions in "deceit" prior to 1791, but these suits were rare. See Mark A. Thurman, *Ending the Seventh Amendment Confusion: A Critical Analysis of the Right to a Jury Trial in Trademark Cases*, 11 Tex. Intell. Prop. L.J. 1, 60-63 (2002) (only three known cases prior to 1791—two in courts of law, one in court of equity). While this historical record illuminates little, the current law recognizes that actions for disgorgement of improper profits are equitable in nature. See *Chauffeurs, Teamsters & Helpers, Local No. 391 v. Terry*, 494 U.S. 558, 570, 110 S. Ct. 1339, 108 L. Ed. 2d 519 (1990); *Tull*, 481 U.S. at 424; *City of Monterey*, 526 U.S. at 710 (equitable monetary remedies focus on "what . . . the [defendant] gained"); *Reebok Int'l, Ltd.*, 970 F.2d at 559 ("An accounting of profits under § 1117(a) is not synonymous with an award of monetary damages: [a]n accounting for profits . . . is an equitable remedy subject to the principles of equity." (internal quotation marks omitted)).

The law review article cited with approval by the Ninth Circuit (Mark A. Thurman, *Ending the Seventh Amendment Confusion: A Critical Analysis of the Right to a Jury Trial in Trademark Cases*, 11 Tex. Intell. Prop. L.J. 1, 60-63 (2002) provides an excellent history lesson and analysis as to why a disgorgement of profit claim in trademark disputes is equitable in nature and does not give a Plaintiff the right to a jury trial.  It is noteworthy that the Ninth Circuit endorses this view point and various courts have long decided that if the plaintiff seeks only injunctive relief and defendant's profits but no actual damages, it is not entitled to a jury trial.  Gilson on Trademarks has compiled a comprehensive list of cases on this point. Some of these cases are as follows:

> *Reebok Int'l v. Marnatech Enters.*, 970 F.2d 552, 559 (9th Cir. 1992) (accounting for profits is an equitable remedy; seizure case); *Ferrari S.P.A. Esercizio v. Roberts*, 944 F.2d 1235, 1248 (6th Cir. 1991)

(injunctive relief and disgorgement of profits deemed equitable); *Ringling Bros.-Barnum & Bailey Combined Shows, Inc. v. Utah Div. of Travel Dev.*, 955 F. Supp. 598, 605, 42 U.S.P.Q.2d 1161 (E.D. Va. 1997) (holding that "the disgorgement of defendant's profits [under the Lanham Act is] wholly equitable and do[es] not create a constitutional jury right"), aff'd, 170 F.3d 449, 50 U.S.P.Q.2d 1065 (4th Cir. 1999) ; *G. A. Modefine S.A. v. Burlington Coat Factory Warehouse Corp.*, 888 F. Supp. 44, 45-46 (S.D.N.Y. 1995) (no entitlement to jury trial when plaintiff seeking injunction, profits, an increased award under Section 35 and attorneys' fees); *Merriam-Webster, Inc. v. Random House*, 1993 U.S. Dist. LEXIS 7693 (S.D.N.Y. 1993) (holding there was no right to jury trial in trademark infringement action where plaintiff sought profits solely on unjust enrichment theory), rev'd on other grounds, 35 F.3d 65, 32 U.S.P.Q.2d 1010 (2d Cir. 1994) ; *Coca-Cola v. Cahill, 330 F. Supp. 354* (D. Okla. 1971) , aff'd, 480 F.2d 153 (10th Cir. 1973) (courts have been reluctant to recognize a right to jury trial in trademark infringement suits seeking an accounting).

## V.   CONCLUSION

Since Plaintiff is seeking only equitable remedies in the form of unjust enrichment and injunctive relief, it is not entitled to a Jury Trial.  We would therefore request that the Court issue an order holding that (1) Plaintiff is barred from seeking damages on any of its remaining claims and (2) the matter be set for a court trial on the remaining issues.

DATED: May 11, 2015                    LEWIS BRISBOIS BISGAARD & SMITH LLP


By:      /s/ Daniel C. DeCarlo
         Daniel C. DeCarlo
         Attorneys for Omnia Italian Design, Inc.