**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Stone Creek Incorporated, | No. CV-13-00688-PHX-DLR |
| Plaintiff, | **ORDER** |
| v. | |
| Omnia Italian Design Incorporated, et al., | |
| Defendants. | |

Before the Court is Defendant Omnia Italia Design, Inc.'s ("Omnia") Motion for Attorneys' Fees. (Doc. 178.) The motion is fully briefed, and neither party requested oral argument. For the reasons stated below, the motion is granted in part.

## **BACKGROUND**

The facts of this case are set forth in the Court's November 9, 2015 Order, (Doc. 175), and will not be repeated herein. After a four-day bench trial, the Court concluded that Plaintiff Stone Creek, Inc. failed to establish an essential element of its trademark infringement claim: likelihood of confusion. (*Id.* at 12-13.) Judgment was entered in favor of Omnia on all of Stone Creek's claims.

On November 23, 2015, Omnia filed the instant motion seeking $483,691 in attorneys' fees and $22,079.25 for expert fees. (Doc. 178.) Omnia argues that Stone Creek pursued its "groundless and unreasonable claims in a particularly vexatious manner." (*Id.* at 3.) Omnia requests attorneys' fees under: (1) 15 U.S.C. § 1117, (2) 28

U.S.C. § 1927, (3) A.R.S. § 12-349, and (4) A.R.S. § 44-401.

## ANALYSIS

**I. 15 U.S.C. § 1117**

Section 35(a) of the Lanham Act provides that "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party." 15 U.S.C. § 1117(a). An action is exceptional "'[w]hen a plaintiff's case is groundless, unreasonable, vexatious, or pursued in bad faith.'" *Secalt S.A. v. Wuxi Shenxi Constr. Mach. Co.*, 668 F.3d 677, 687 (9th Cir. 2012) (quoting *Stephen W. Boney, Inc. v. Boney Servs.*, 127 F.3d 821, 827 (9th Cir. 1997)). Exceptional cases also include those "where plaintiff's case is frivolous or completely lacking in merit," meaning the plaintiff "has no reasonable or legal basis to believe in success on the merits" or there is "an utter failure of proof." *Id.* at 687-88. "[T]he exceptional circumstances requirement is construed narrowly and thus such an award is rarely granted." *Calmese v. Nike, Inc.*, No. CV-06-1959-PHX-ROS, 2009 WL 2913489, at *1 (D. Ariz. Sept. 8, 2009).

The crux of Stone Creek's trademark infringement case was that Omnia's use of the Stone Creek mark was willful, and thus Stone Creek was entitled to disgorgement of $4.45 million of Omnia's profits. Omnia argues these claims were groundless and brought as a method of trying to force a policy limits settlement. It asserts Stone Creek knew it could not prove that Omnia's use of the mark likely caused confusion among consumers. Omnia also argues Stone Creek had no evidence that the unauthorized use of the mark was willful, *i.e.*, that Omnia intended to profit off Stone Creek's business goodwill, because Stone Creek had no goodwill in the region where Omnia sold its goods bearing the Stone Creek mark: the Bon-Ton Trading Territory ("BTTT"). Omnia asserts Stone Creek knew that it had no established business reputation in the BTTT, but pursued its case notwithstanding.

After review of the parties' positions and the evidence presented at the various stages of the litigation, the Court concludes that Stone Creek's pursuit of its case was not groundless and vexatious. At the summary judgment stage, the Court concluded that

1 genuine issues of fact existed regarding likelihood of confusion; specifically, the
2 marketing channels used by Stone Creek, whether Stone Creek intended to expand into
3 other markets (such as the BTTT), consumer recognition of the mark, and evidence of
4 actual confusion. (Doc. 99 at 12.)  Stone Creek presented evidence that it had sold its
5 products into the BTTT, and that at least some consumers confused the two companies.
6 It also presented evidence that at least one Bon-Ton employee expressed confusion as to
7 whether Omnia and Stone Creek were the same company.  This case is not exceptional
8 within the meaning of § 1117 merely because Stone Creek failed to prove its case.

9 Omnia argues that Stone Creek's complaint contained false allegations, which it
10 claims is indicative of Stone Creek's bad faith. (Doc. 178 at 7.)  For example, in its
11 complaint, Stone Creek alleged that Omnia "misappropriated [Stone Creek's] designs,
12 specifications, marketing materials, and warranty cards. . . ." (Doc. 1, ¶ 30.)  Omnia
13 maintains that the furniture designs, specification, marketing materials, and warranty
14 cards were Omnia's, a fact known by Stone Creek.  If, in fact, Stone Creek made these
15 allegations knowing that they were false, such conduct is unprofessional.  It does not,
16 however, persuade the Court that Stone Creek pursued a groundless case in bad faith.

17 Omnia argues Stone Creek negotiated settlement in bad faith. (Doc. 178 at 8.)  It
18 asserts it warned Stone Creek multiple times that evidence regarding willful infringement
19 was lacking, but Stone Creek refused to accept a lower settlement amount. But refusing
20 to settle is not, in and of itself, evidence of bad faith.  Just because Stone Creek valued its
21 case at an amount larger than Omnia believed was reasonable does not indicate that Stone
22 Creek acted vexatiously during the litigation.

23 Last, Omnia argues that Stone Creek never intended to seek actual damages, and
24 thus Omnia wasted time and money in preparing its defense of such. (Doc. 178 at 14.)
25 In its initial disclosures, Stone Creek stated that it was seeking actual damages in the
26 form of lost sales, decrease in Stone Creek's value, loss of goodwill, and loss of
27 expansion opportunity. (Doc. 119-1 at 11.)  Stone Creek intended to prove these
28 damages through expert testimony. (*Id.*)  But Stone Creek never provided any evidence

1  of these damages, and Omnia filed a motion to strike the actual damages claims and
2  Stone Creek's jury demand.  (Doc. 118.)  Although it conceded its actual damages claim
3  was not viable, Stone Creek argued that its alternate remedy of disgorgement was legal in
4  nature, which was directly contrary to the holding of *Fifty-Six Hope Road Music, Ltd. v.*
5  *A.V.E.L.A., Inc.*, 778 F.3d 1059, 1074-76 (9th Cir. 2015).  The Court granted the motion
6  after Stone Creek appeared to concede that it could only pursue disgorgement and that
7  such a remedy was equitable in nature.  (Doc. 129 at 3.)  This required vacating the
8  scheduled jury trial and rescheduling it as a bench trial.

9        The Court finds that Stone Creek acted in bad faith when it opposed Omnia's
10 motion to vacate the jury trial.  Stone Creek admittedly failed to develop its actual
11 damages case.  Nonetheless, it argued that its disgorgement remedy was legal in nature
12 even though Ninth Circuit authority holds directly to the contrary.  Stone Creek's
13 opposition to Omnia's motion was frivolous and caused additional expense and delay.
14 Given the lack of evidence and Stone Creek's failure to explain the basis for bringing its
15 actual damages claim, the Court finds Stone Creek unreasonably pursued the groundless
16 claim for several months before reluctantly conceding its failure.

17       However, such conduct does not make this case exceptional under § 1117.
18 Attorneys' fees are granted under § 1117 in particularly egregious cases.  For example, in
19 *Matrix Motor Co., Inc. v. Toyota Motor Sales, U.S.A., Inc.*, 120 F. App'x 30, 32 (9th Cir.
20 2005), the court found that the plaintiff "grossly exaggerated its claims and had no
21 competent evidence to support those claims."  The court also noted that the plaintiff
22 engaged in misconduct during discovery, which made it costly for the defendant to
23 defend against the claims."  *Id.*  Similarly, in *Cairns v. Franklin Mint Co.*, 292 F.3d 1139,
24 1156 (9th Cir. 2002), the court awarded fees under § 1117 because the plaintiff's claim
25 "was groundless and unreasonable because it had no legal basis, having been based on
26 the 'absurd' and 'just short of frivolous' contention that the mark 'Diana, Princess of
27 Wales' has taken on a secondary meaning in the mind of the public" as charitable
28

services, not Princess Diana the person. This case is not like *Matrix Motors* or *Cairns*.[1] Stone Creek's case was unsuccessful and raised a few weak claims, but it was not entirely groundless.

In sum, Omnia has not met its burden to demonstrate that this case is exceptional within the meaning of § 1117, and thus Omnia may not recover attorney fees under the Lanham Act. *See Software, Inc. v. M2 Commc'ns, L.L.C.*, 281 F. Supp. 2d 1166, 1177 (C.D. Cal. 2003) (denying fees sought under § 1117 because defendant failed to demonstrate that the plaintiff's case was "wholly groundless").

**II. 28 U.S.C. § 1927**

28 U.S.C. § 1927 provides that any attorney who "so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." The Ninth Circuit has interpreted this statute to cover cases "where there is no obvious violation of the technical rules, but where, within the rules, the proceeding is conducted in bad faith for the purpose of delay or increasing costs." *Matter of Yagman*, 796 F.2d 1165, 1187 (9th Cir. 1986). "The imposition of liability under this statute requires a finding that an attorney has acted recklessly or in bad faith." *United States v. Associated Convalescent Enter., Inc.*, 766 F.2d 1342, 1346 (9th Cir. 1985) (internal quotation marks omitted). Sanctions under § 1927 may be awarded only against an attorney, not an employee of an attorney or a law firm. *See Kaass Law v. Wells Fargo Bank, N.A.*, 799 F.3d 1290, 1293 (9th Cir. 2015).

Omnia argues that it is entitled to the attorneys' fees it incurred in preparing the defense against Stone Creek's actual damages claim. It asserts it spent over 140 hours on defending against the actual damages claim and had to hire an expert. Omnia claims Stone Creek never intended to pursue actual damages, and misled it by repeatedly raising the issue in interrogatory responses and discovery disclosures. At the eleventh hour, Stone Creek admitted that it failed to develop evidence in support of actual damages and

---

[1] Counsel's bad faith does provide a basis to award fees under 28 U.S.C. § 1927.

dropped its claim.

Stone Creek asserts it brought the actual damages claim in good faith. It claims it had a right to explore actual damages and even hired an expert. Ultimately, proving such damages became "too difficult." (Doc. 183 at 15.) But Stone Creek does not explain the basis for asserting a claim for actual damages in the first place, what evidence it attempted to gain via discovery to support such a claim, and what its expert concluded. At some point, Stone Creek knew its actual damages claim was meritless, yet it did not withdraw its claim. Had Omnia not filed its motion to strike, Stone Creek presumably would have proceeded to trial on the issue without any evidence. The Court has already determined that Stone Creek counsel acted in bad faith in opposing Omnia's motion to strike the actual damages claim and the jury demand. Stone Creek abandoned its damages claim long before trial, but never disclosed this fact. As such, Omnia wasted time and resources defending against the claim until three months before trial. Stone Creek acted in bad faith in this instance, and thus Omnia is entitled to fees and costs related to defending the actual damages claim.

Omnia seeks $41,278.60 in attorneys' fees and $22,079.25 in expert fees under § 1927. (Doc. 178 at 17.) The attorney fees consist of 64.1 hours on tasks related to actual damages plus 20% of the 391.2 hours spent on intertwined tasks, which amounts to 78.24 hours, multiplied by a rate of $290 per hour. Stone Creek argues that some of the fees include time spent on defending the disgorgement claim. It objects to the amount of expert fees because the expert spent "a vast majority of time . . . calculating offsets to Omnia's lost profits." (Doc. 183 at 16.) It also objects to including fees for "intertwined tasks," such as telephone calls related to the case in general.

Stone Creek does not object to the hourly rate of Omnia's attorneys, and the Court finds the rate reasonable given the prevailing market rate in Phoenix. Based on the timesheet submitted by Omnia, the Court finds that the 64.1 hours spent on the actual damages claim is also reasonable. Stone Creek fails to specifically challenge any line items in Omnia's timesheet, and the line items indicate that these tasks relate directly to

Stone Creek's actual damages claim. (Doc. 178-4.) Given the nature of the case and the length of the litigation, the amount of time spent is reasonable, and Omnia is entitled to these fees.[2]

The Court will not, however, award half of Omnia's expert fees. Omnia claims the expert spent half of his time analyzing Stone Creek's actual damages claim. But the timesheet does not differentiate between actual damages and disgorgement, and thus the Court cannot determine how much time the expert spent on actual damages. Simply splitting the time evenly between actual damages and disgorgement without justification is not appropriate. These fees are denied.

Nor will the Court grant fees for 20% of the "intertwined tasks." (*See id.*) Omnia claims that these tasks involved "evaluating Plaintiff's damages," (Doc. 178 at 17), but it fails to show that 20% of these tasks involved defending against Stone Creek's claim for actual damages. The percentage appears to be an estimate. Further, many of the tasks relate to the case in general and would have been required even if Stone Creek did not seek actual damages. For example, the first line item seeks 2.5 hours for "Analysis/Strategy: Review/Analyze: Review Stone Creek v. Omnia PI motion, complaint and docket from federal case." (Doc. 178-4 at 2.)[3] Attributing 20% of this task to evaluating the claim for actual damages would require the Court to speculate. As such, the Court will only award fees for tasks clearly spent on defending against Stone Creek's actual damages claim. *See* LRCiv. 54.2(e)(2) ("If the time descriptions are incomplete, or if such descriptions fail to adequately describe the service rendered, the court may reduce the award accordingly.").

Omnia has demonstrated Stone Creek's counsel acted in bad faith in pursuing a

---

[2] The Court previously awarded § 1927 sanctions against Stone Creek with respect to their motion for summary judgment on liability. (Doc. 130 at 9.) The tasks for which Omnia seeks fees did not involve tasks related to opposing that motion. (*See* Doc. 178-4 at 38.)

[3] This is just one example. The timesheet is littered with similar entries, most of which do not mention damages at all. (Doc. 178-4 at 2-11, 16, 19, 21, 24, 26-30, 32-38, 40-41.)

- 7 -

claim for actual damages that it had no intention of pursuing. Rather than drop the claim, Stone Creek continually asserted the claim until the eleventh hour despite having no evidence to support it. Consequently, Omnia is entitled to $18,589 in attorneys' fees spent defending against the actual damages claim.

**III. A.R.S. § 12-349**

Under Arizona law, reasonable attorneys' fees may be recoverable against an attorney in a civil action where the attorney brings a claim "without substantial justification." A.R.S. § 12-349. The Court has discretion to award fees under the statute. *See id.* Stone Creek brought several state law claims: (1) state trademark infringement, (2) violation of Arizona Trade Secrets Act, (3) two counts of conversion, (4) two counts of unjust enrichment, (5) breach of contract, and (6) breach of the implied covenant of good faith and fair dealing. (Doc. 1.) Summary judgment was granted in favor of Omnia on all but one of the state law claims. (Doc. 99.) Omnia argues most of Stone Creek's state law claims were groundless because there was no basis to believe any of the conduct by the parties took place in Arizona or that a contract existed between the parties.

Stone Creek argues its state law claims had merit. But its position at summary judgment and the overall lack of evidence in support of the claims indicates otherwise. The Court granted summary judgment in favor of Defendant on all but one of Stone Creek's state law claims. In its response to Omnia's motion for summary judgment, Stone Creek only defended one of its unjust enrichment claims and its breach of implied covenant of good faith and fair dealing claim. (Doc. 83 at 17.)[4] Stone Creek provided no evidence in support of any of its state law claims. Indeed, Stone Creek failed to mention many of the claims at all.

However, the Court finds Omnia's computation of its fees is unreasonable. Omnia seeks $13,250 in fees related to tasks that were "in someway related to the state law causes of action." (Doc. 178 at 18.) It identifies several general tasks that it asserts were related to the state claims, adds up the total hours spent, and then requests fees for 25%

---

[4] Stone Creek ultimately dropped its unjust enrichment claim.

- 8 -

percent of those hours.  Omnia fails to provide a basis for concluding that 25% of these tasks, which include "Analysis/Strategy: Draft/Revise: Portion of analysis letter related to Plaintiff's damage," and "Document Production: Review/Analyze: Documents produced by Plaintiff's counsel and videos," involved defending against the state law claims.  The figure is arbitrary, and thus may not serve as the basis for a fee award.  The Court will not grant fees under § 12-349.

**IV.  A.R.S. § 44-404**

Attorneys' fees may be awarded under the Arizona Uniform Trade Secret Act ("AUTSA") to the prevailing party as a result of a claim of misappropriation made in bad faith.  A.R.S. § 44-404.[5]  Omnia claims Stone Creek's AUTSA claim, in which it alleged that Omnia misappropriated Stone Creek's trade secrets by taking and utilizing Stone Creek's designs and specifications, was made in bad faith.  (Doc. 178 at 19.)  It asserts this allegation is false, and thus Stone Creek had no basis to bring such a claim.

As the Court has already concluded, if Stone Creek knew the allegation was untrue, such conduct is reprehensible.  However, even if the Court were to conclude Stone Creek brought the claim in bad faith, it would not grant attorneys' fees to Omnia.  Omnia relies on the same group of line item tasks related to its defense of Stone Creek's state law claims as it did in seeking fees under A.R.S. § 12-349, but only seeks 7.5% of the total numbers of hours spent.  Again, Omnia provides no basis for its determination that 7.5% of the total hours spent on tasks related to damages claims involved the AUTSA claim specifically.  The Court cannot award attorneys' fees based on an arbitrary figure.  The Court declines to award fees under § 44-404.

**IT IS ORDERED** that Omnia's motion for attorneys' fees is **GRANTED IN PART**.  Stone Creek's counsel of record – Adam D. Smith, Corey M. Eschweiler, and Joshua L. Benson of Glen J. Lerner & Associations and Mark Douglas Chester and Ryan Anthony Houser of Chester & Shein, P.C., – shall jointly and severally pay to Defendant

---

[5] Omnia incorrectly identifies AUTSA's attorney fees provision as A.R.S. § 44-401.

- 9 -

Omnia Italia Design, Inc. $18,589 within 14 days of the date of this Order.

Dated this 9th day of February, 2016.

Douglas L. Rayes
United States District Judge