**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Stone Creek Incorporated,<br><br>Plaintiff,<br><br>v.<br><br>Omnia Italian Design Incorporated, et al.,<br><br>Defendants. | No. CV-13-00688-PHX-DLR<br><br>**ORDER** |

Before the Court is Defendant Omnia Italian Design Incorporated's ("Omnia") motion to reverse entry of judgment on taxation of costs (Doc. 219), which is fully briefed. For the following reasons, Omnia's motion is granted.

**I. Background**

On April 5, 2013, Plaintiff Stone Creek Incorporated ("Stone Creek") accused Defendants Omnia and The Bon-Ton Stores ("Bon-Ton") of infringing its trademark by selling furniture labeled with Stone Creek's mark. (Doc. 1.) On October 25, 2013, Omnia and Bon-Ton jointly made an Offer of Judgment to Stone Creek under Federal Rule of Civil Procedure 68 with the following terms:

> (1) A money judgment against [Omnia and Bon-Ton], jointly and severally, and in favor of [Stone Creek] in the total amount of $25,000.00, inclusive of all costs and attorney fees that are actually, or potentially, recoverable in this action.
>
> (2) An injunction permanently enjoining and restraining [Omnia and Bon-Ton] . . . from using [Stone Creek's] Marks, for which [Stone Creek] has valid federal trademark

> registrations or any other mark confusingly similar to [Stone Creek's] Marks . . . .
>
> (3) An injunction permanently enjoining and restraining [Omnia and Bon-Ton] . . . from representing by any means whatsoever, directly or indirectly, or doing any other acts or things calculated or likely to cause confusion, mistake or deception among the members of the public or members of the trade as to the source, sponsorship, or approval of [Omnia's and Bon-Ton's] goods and services and those of Stone Creek.
>
> (4) In the event that [Stone Creek] is aware of learns of any use of [Stone Creek's] Marks by [Omnia or Bon-Ton] . . . that [Stone Creek] believes may constitute[] a violation of the permanent injunction, [Stone Creek] shall notify [Omnia and Bon-Ton] . [Omnia and Bon-Ton] shall have ten (10) business days from notice of any violation to cure that violation.

(Doc. 208-1 at 3-4.) Stone Creek rejected the offer.

On March 19, 2014, Stone Creek and Bon-Ton reached a settlement and, by stipulation, the Court dismissed the claims against Bon-Ton "with prejudice, with each party to bear its own costs and attorneys' fees." (Docs. 77-78.) Stone Creek then proceeded to trial against Omnia.

After a four-day bench trial, the Court found that Omnia did not infringe on Stone Creek's mark because its use of the mark was unlikely to cause confusion. (Doc. 175.) On appeal, the Ninth Circuit disagreed and concluded that Omnia infringed Stone Creek's mark, but remanded "for a determination of whether Omnia had the requisite intent" to support disgorgement of profits as a remedy. (Doc. 193-1 at 34.)

On remand, this Court found that Stone Creek is entitled to a permanent injunction but is not entitled to disgorgement of profits. (Doc. 201.) As a result, although Stone Creek is the prevailing party, it received no monetary damages. The Clerk entered judgment in favor of Stone Creek and against Omnia for permanent injunctive relief only. (Docs. 204-205.)

Stone Creek thereafter filed a bill of costs for $141,924.51. (Doc. 206.) Omnia objected, arguing that Stone Creek is not entitled to costs incurred after October 25, 2013 (and instead is required to pay Omnia's costs incurred after that date) because Stone Creek did not obtain a more favorable judgment than the terms provided in the offer of judgment.

(Doc. 215 at 2-3.) Omnia also filed its own bill of costs seeking $13,516.46. (Doc. 207.) Stone Creek then objected to Omnia's bill, arguing that Omnia is not entitled to recover costs (and instead is responsible for paying Stone Creek's) because Stone Creek "improved its position by rejecting the joint offer of judgment." (Doc. 216.)

On May 31, 2018, the Clerk of Court denied Omnia's bill of costs and granted Stone Creek's, with some modifications. (Doc. 218.) Omnia now asks the Court to reverse that judgment. (Doc. 219.)

**II. Discussion**

Generally, the prevailing party is entitled to recover its costs. Fed. R. Civ. P. 54(d); LRCiv 54.1. Rule 68(d), however, operates as a limitation on that general entitlement where the defendant makes an offer of judgment and the plaintiff rejects that offer, only to litigate and obtain a judgment that is equal to or less favorable than that previously offered. *See, e.g.*, *United States v. Trident Seafoods Corp.*, 92 F.3d 855, 859 (9th Cir. 1996). Omnia argues that the Clerk should not have awarded Stone Creek its costs because Stone Creek did not obtain a better outcome at trial than it would have had it accepted Omnia and Bon-Ton's joint offer of judgment. The Court agrees.

Comparing the $25,000 Omnia and Bon-Ton jointly offered to Stone Creek with the $0 in monetary damages Stone Creek obtained at trial, Stone Creek did not receive a more favorable result against Omnia at trial. Even if the Court were to assume that Omnia would have contributed $0 to the $25,000 it and Bon-Ton jointly offered, Stone Creek obtained, at best, the same outcome against Omnia at trial that it would have obtained against Omnia had it accepted the joint offer of judgment.

Stone Creek argues that the Court cannot compare the joint offer of judgment with the judgment it obtained after trial because doing so requires apportionment of an otherwise unapportioned, joint offer of judgment. Unapportioned joint offers "have proved problematic with respect to determining whether the 'judgment finally obtained is more favorable than the offer.'" *Doe v. Keala*, 361 F. Supp. 2d 1178, 1179 (D. Haw. 2005). Although the Ninth Circuit has not squarely addressed the issue, the weight of authority

seems to suggest that courts should not attempt to apportion otherwise unapportioned joint offers of judgment in order to obtain more comparable figures where, as here, there is a joint offer of judgment that is rejected, and the plaintiff later settles with one defendant and obtains a judgment against the other. *See, e.g.*, *Johnston v. Penrod Drilling Co.*, 803 F.2d 867, 870 (5th Cir. 1986); *Harbor Motor Co. v. Arnell Chevrolet-Geo, Inc.*, 265 F.3d 638, 648-49 (7th Cir. 2001); *Jones v. Fleetwood Motor Homes*, 127 F. Supp. 2d 958, 970-71 (N.D. Ill. 2000); *Keala*, 361 F. Supp. 2d at 1180.

The reasons unapportioned joint offers usually are problematic, however, are not present here because Stone Creek did not obtain a better outcome against Omnia under any possible apportionment. The Court therefore does not need to speculate about what the apportionment would have been because, even when viewed in the light most favorable to Stone Creek (Omnia contributing $0 of the $25,000 joint offer), Stone Creek did not obtain a more favorable outcome against Omnia at trial.

Relying on *Lang v. Gates*, 36 F.3d 73, 76 (9th Cir. 1994), Stone Creek also argues that the Court must consider the value of its settlement with Bon-Ton (which Stone Creek's counsel swears under penalty of perjury included a payment of more than $25,000 to Stone Creek) when assessing whether it obtained a more favorable outcome than the joint offer of judgment. In *Lang*, the defendants made an offer of judgment for $600,000 plus fees and costs, which the plaintiffs rejected. Months later, the district court approved a settlement between the parties in an amount identical to the initial offer of judgment. As part of the settlement, the plaintiffs dismissed the case with prejudice. *Id.* at 74. The district court concluded that the plaintiffs were not entitled to recover attorney's fees after rejecting the defendants' offer of judgment because the settlement the parties later reached was not more favorable than the initial joint offer. The Ninth Circuit affirmed, and in so doing stated that "settlement in this case resulted in an order of dismissal with prejudice which, if not in form a judgment for defendants, is certainly one in substance." *Id.* at 76. The Court further opined that the term "judgment" for purposes of Rule 68 is interpreted "broadly to encompass termination of litigation resolved by subsequent settlement." *Id.*

In a similar vein, Stone Creek argues that its settlement with Bon-Ton is a judgment in substance that should be considered for purposes of Rule 68. The Court, however, finds *Lang* distinguishable both on the facts and in principle.

Factually, *Lang* involved a settlement that resulted in the termination of the entire litigation. Here, although Stone Creek settled with Bon-Ton, it did not settle with Omnia and instead proceeded to trial. The settlement with Bon-Ton therefore did not terminate the entire litigation.

As for principle, it would be unfair and contrary to the purposes of Rule 68 to add the value of Stone Creek's settlement with Bon-Ton to the judgment it received against Omnia, even though Bon-Ton is not responsible for any portion of the bill of costs. Nor is such an outcome supported by the plain text of Rule 68. The language of Rule 68(d) is clear: "If the **judgement** that the offeree finally obtains is not more favorable than the unaccepted offer, the offeree must pay the costs incurred after the offer was made." (emphasis added). The court is to compare the final "judgement" obtained against the subject offer. The "explicit language [of Rule 68] is not subject to an interpretation that would allow [plaintiff's judgment at trial] to be increased to include amounts received by the plaintiff in settlement." *Johnston*, 803 F.2d at 870. Stone Creek essentially asks that its settlement with Bon-Ton be considered a "judgment in substance" under *Lang*, without also seeking to recover costs jointly against Bon-Ton and Omnia. Not only is such a request contrary to the express language of the rule, but it makes little sense to factor in the value of Stone Creek's settlement with Bon-Ton only to leave Omnia liable for the entirety of the bill of costs. Accordingly,

**IT IS ORDERED** that Omnia's motion (Doc. 219) is **GRANTED**.

//
//
//
//
//

**IT IS FURTHER ORDERED** that the Clerk's judgment on taxation of costs is **VACATED**. The Clerk of Court is directed to re-conduct a judgment on the taxation of costs in accordance with this order.

Dated this 28th day of January, 2019.

Douglas L. Rayes
United States District Judge